### INTERSTATE COMMERCE COMMISSION v. CHESTER.
### No. 74.

District Court, E. D. Pennsylvania.
Feb. 7, 1939.

J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Jack Garrett Scott and Francis A. Silver, both of Washington, D. C., for plaintiff.

Samuel Erwin Kravitz, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

We are not sure where we are or just what we are asked to do. The Bill is based upon the Motor Carrier Act of 1935, § 211, 49 U.S.C.A. § 311, which prohibits any one from acting as a broker in the sale of transportation tickets in Interstate Commerce without being licensed so to do. The averment is that the defendant sold such tickets as a broker in violation of the act. The Bill asks that he be enjoined from further violations.

The Answer admits transgression but avers that it was in ignorance of the license requirement; disclaims all intention to violate the law and avers steps taken to procure a license.

Plaintiff has moved for judgment on the pleadings under Rule 12(c) of the New Rules, 28 U.S.C.A. following section 723c. In an action of assumpsit this would be clear, but just what is meant by it in a proceeding in Equity is by no means clear. Under the former practice, although the Equity Rules do not specifically provide for it unless Rule 33, 28 U.S.C.A. following section 723, does so, the plaintiff could set down a cause to be heard on Bill and Answer. This was in effect a demurrer to the Answer. If the plaintiff prevailed on this motion he obtained his decree. If he failed the cause went to trial. Assuming Rule 12(c) to be the equivalent of this, one of the averments of the Bill which we are asked to find is a verity, is that the defendant "unless restrained by this Court intends to and will" in the future violate the provisions of the act.

We cannot make this finding from the pleadings because the Answer specifically disavows the intention imputed to the defendant. Aside from this, proceedings in Equity are not wholly pestiferous. A man, merely by an inadvertent act, does not subject himself to the obloquy and pains and penalties of the restraining order of a Court. Injunctions issue by the grace and in the discretion of a Chancellor and only when called for by the equities of a case.

It would be unfair to the plaintiff to comment on its action in pressing for an injunction in this case in the absence of a full disclosure of the facts. We accordingly content ourselves with a denial of plaintiff's motion.

Motion denied.